CENTRAL TRUST CO. OF NEW YORK v. OHIO CENT. RY. CO. et al.

(Circuit Court, N. D. Ohio, W. D. February 17, 1898.)

APPEAL—AFFIRMANCE—SUBSEQUENT PROCEEDINGS BELOW—JURISDICTION.

In foreclosure proceedings a railroad receiver was appointed, who took possession of the road, rolling stock, and equipments. At the foreclosure sale the property was bid in by a committee of bondholders and stockholders. A master was appointed to hear conflicting claims to rolling stock under car leases, and the rental value thereof during the receivership; and, pending a hearing on exceptions to his report, a portion of the rolling stock was turned over to an intervening trustee under car leases, by an order which did not attempt to settle the conflicting claims thereto. In its final decree the court incorporated a provision allowing the filing of additional pleadings to determine the title to the rolling stock in question. On appeal the supreme court held that the title passed to the purchasers at the foreclosure sale, and affirmed the decree, including the provision in question. *Held*, that this was a decision that the circuit court had authority to thereafter determine, in the same suit, the title to the rolling stock, under supplemental pleading filed in the same cause.

On motion to dismiss amended and supplemental bill.

Squire, Sanders & Dempsey, for Dan. P. Eels and others.
George Hoadly and James Irvine, for W. A. White and others.
Stevenson Burke and Doyle & Lewis, for Toledo & O. C. Ry. Co.

RICKS, District Judge. This case is now before the court upon a motion to dismiss the amended and supplemental bill of the Toledo & Ohio Central Railway Company, and to quash process thereon for want of jurisdiction. It is only necessary very briefly to state the controlling facts which are involved in this motion to dismiss: On the 7th of January, 1884, the Central Trust Company of New York filed a bill against the Ohio Central Railroad Company, asking for the appointment of a receiver because of default made by the defendant in the payment of coupons on its first mortgage outstanding bonds. Under this bill, Mr. John E. Martin was appointed receiver, and authorized to take possession of the railroad, its locomotive

engines, cars, and equipment, and operate the same under the orders of the court. On the 2d of April, 1884, George J. McGourky, as trustee, filed intervening petitions under several car leases, covering about 27 locomotive engines, 340 box cars, and 3,300 coal cars. Such proceedings were had in that case that on the 10th day of December, 1884, a decree of foreclosure was allowed, and all of the property sold. The property was bid in by a committee of bondholders and stockholders, who afterwards reorganized the company under the name of the Toledo & Ohio Central Railroad Company. A master was appointed to hear the evidence as to the ownership of the cars under the several car leases named, and the rental value of the same during the time they were operated by the receiver, and for such other matters of fact and law as might be brought to his attention. A report was duly filed by him, to which exceptions were taken, and the case was heard in the circuit court of the United States for this district and the Toledo Division. Prior to any decision upon this report, an interlocutory order was made, authorizing the receiver to turn over to McGourky, as trustee, the cars and engines covered by the leases above named. This decree or order did not undertake to settle the title to the rolling stock and equipment, but was made upon the report of the receiver that there were more cars and engines than could be profitably used by him in the economical operation of the road. On the 4th day of February, 1889, the case came for final decision before the supreme court of the United States, which decided that the title to the equipment passed to the bondholders under the after-acquired property clause of the first mortgage, and that McGourky, as trustee, had no title thereto, and dismissed his intervening petitions. 13 Sup. Ct. 170. When the case was still pending in the circuit court, in the final decree the court made the following order:

"And it appearing to the court that other and additional pleadings may be necessary to a full determination of the rights of the parties, touching the rolling stock, cars, and engines in question, and the said the Central Trust Company, trustee, and the said the Toledo & Ohio Central Railway Company are allowed to file, within sixty days, any such additional pleadings as, in their judgment, may be necessary to enable them to recover the rolling stock, cars, and engines in their pleadings mentioned, or the value thereof. And the said McGourky, trustee, or any other party in interest, may file answers thereto within thirty days thereafter."

This order was affirmed by the supreme court, and the mandate sent down to the circuit court from that court was to proceed in accordance with the decision of the supreme court.

The motion to dismiss this amended and supplemental bill is based upon the theory that the suit in the circuit court has long since reached its final decree, and has passed beyond its jurisdiction. It is further contended that the relief the plaintiff seeks in this amended pleading can only be reached by a suit at law, and that the circuit court should issue its writ of assistance to enable the defendant to obtain possession of its rolling stock, and of the rental value of the same during the time it was unlawfully detained. The complainant contends, not only that this court has jurisdiction by virtue of the order of the supreme court directing that such additional pleadings

should be filed as were necessary to secure the possession of the property referred to, but that it also has authority to bring this suit in equity, under section 738 of the Revised Statutes of the United States, which provides that when, in any suit commenced in any circuit court of the United States to enforce any legal or equitable lien upon, or claim to, or to remove any incumbrance or lien or cloud upon, the title to real or personal property within the district where such suit is brought, one or more of the defendants therein shall not be an inhabitant of or found within the said district, or shall not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant or defendants to appear, plead, answer, or demur, by a day certain to be designated, etc.

I am not prepared to say that the supreme court of the United States, by its order entered in this case, granting leave to the complainants to file such additional pleadings as may be necessary, in their judgment, to enable them to recover the rolling stock, cars, engines, etc., could confer jurisdiction upon this court when there was no statute in force to authorize the court to do so; but the order is made with such particularity and emphasis, and with all the facts of the case before them, that it seems to me it must be accepted as a construction of the power and jurisdiction of the circuit court conferred by section 738 of the Revised Statutes, above referred to. The court was dealing with a large amount of property, which, by inadvertence, had passed into the custody of parties who were not entitled to it through the orders of the circuit court. Certainly, it had authority to aid those parties in recovering possession of the property of which they were wrongfully deprived. It certainly did not make this order, or grant this leave, without full reflection and consideration. If it was not intended to continue the jurisdiction in the circuit court to bring about this relief, what was it intended for? Without such order, the plaintiffs had a right to proceed by independent bill, under section 738, to bring in all nonresident defendants, and confer on the parties entitled to it the control of this equipment.

The utmost of the contention on the part of the defendants is that this proceeding should be by an original bill, or by suit at law. The relief to which the parties are entitled is beyond controversy. It can matter but little to the defendants whether they make their defense to this right of possession under an original bill, or in an action at law, or in this supplemental and amended bill, filed under the order of the supreme court of the United States, heretofore commented upon. In view of all the facts, I think this court is fully justified in accepting the construction heretofore suggested upon the order made by the supreme court, even though some years have elapsed since that order was made. The motion will therefore be overruled.